IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SMITH,

    Petitioner,        No. CIV S-02-0576 GEB JFM P

  vs.

TOM CAREY,

    Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges his 1999 conviction on charges of possession of cocaine base for sale, transportation of a controlled substance, and felon in possession of a gun, enhanced by a finding that petitioner was personally armed with a firearm. Petitioner claims that his constitutional rights were violated by improper admission of evidence, use of improper indictment and verdict forms, insufficient evidence to support

/////

---

[1] On March 19, 2002, petitioner filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Three days later, he paid the $ 5.00 filing fee for this action. (See Docket Entry # 3.) Good cause appearing, petitioner's March 19, 2002 application will be denied without prejudice to its renewal, as appropriate, in an application that reflects his current financial status.

possession for sale aspect of his conviction, insufficient evidence to support the gun possession charge and personal use enhancement, and ineffective assistance of appellate counsel.

FACTS[2]

>   Deputies Anema and Cuculis were on patrol when they were flagged down by some women. While talking to the women, they saw a blue Mustang suddenly stop and turn. They followed the blue car and made a vehicle stop. Patrice Washington was driving the Mustang; [petitioner] was the passenger. There was a jacket around [petitioner]'s waist.
>
>   The officers obtained identification and ran a records check. They then searched the car. Cuculis found a nine-millimeter pistol in the jacket pocket. [Petitioner] was arrested; he tightened his legs during the pat search, so Anema could not get a good search. During a second search, Anema thought he felt a foreign object in [petitioner]'s crotch and noted his suspicions. A strip search at the jail revealed a plastic bag with 21.11 grams of rock cocaine in [petitioner]'s underwear.
>
>   A narcotics deputy testified the amount of drugs made the case "a slam bang obvious possession for sales."
>
>   [Petitioner]'s girlfriend, Washington, testified the gun and the jacket were hers. She was impeached with evidence that she had made $800 to $1,000 in purchases on a stolen credit card. Further, Deputy Anema testified Washington told him she kept the gun in her closet. [Petitioner] knew where it was, but did not have permission to take it. Washington said the jacket was [petitioner]'s.
>
>   Ann Jefferson, one of the women who flagged down the officers, testified about an incident the day before the arrest. She was at Robert Taylor's when [petitioner] came in and said, "Family or not, everybody get out." [Petitioner] lifted his shirt, displaying two black guns. The guns were similar to the one found in the jacket. Jefferson left with others and called the police, who never came. The next day at Taylor's, [petitioner] approached Jefferson and asked if she had called the police. He then tapped his hip area and Jefferson feared he would pull a gun.

(People v. Smith, slip op. at 2-3.)

---

[2] The statement of facts is taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Smith, No. C033821 (Mar. 29, 2001), a copy of which is appended as Exhibit B to Respondent's Answer, filed January 29, 2003.

ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court

3

1 reaches a decision on the merits but provides no reasoning to support its conclusion, a federal
2 habeas court independently reviews the record to determine whether habeas corpus relief is
3 available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).
4 II.  Petitioner's Claims
5        A  Improper Admission of Impeachment Evidence
6        Petitioner's first claim is that his due process rights were violated when the trial
7 court permitted witness Jeanne Jefferson to testify that she saw petitioner brandish two guns the
8 day before the incident at issue, and when the trial court allowed impeachment of prosecution
9 witness Patrice Washington with evidence that she had committed misdemeanor credit card
10 fraud.
11        Both aspects of this claim were rejected on petitioner's direct appeal on state law
12 grounds. (See People v. Smith, slip op. at 4-7.)  With respect to Jeanne Jefferson's testimony,
13 the court of appeal held that the trial court had not abused its discretion in concluding that the
14 probative value of the evidence outweighed its potential prejudice.  (Id. at 6.)  With respect to the
15 impeachment of Patrice Washington, the court of appeals found that petitioner's failure to object
16 to use of the misdemeanor conviction "defeats his contention." (Id. at 7.)

> A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process.  Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986).  Thus, a federal court cannot disturb on due process grounds a state court's decision to admit prior bad acts evidence unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair.  See Colley v. Sumner, 784 F.2d 984, 990 (9th Cir.), cert. denied, 479 U.S. 839, 107 S.Ct. 142, 93 L.Ed.2d 84 (1986).

25 Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995).
26 /////

After review of the record, this court finds that neither the admission of Jeanne Jefferson's testimony that petitioner had brandished two guns the day before the incident at issue nor the admission of impeachment evidence that Patrice Washington had committed misdemeanor credit card fraud rendered petitioner's trial fundamentally unfair. The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, controlling principles of federal claim. Petitioner's first claim for relief should be denied.

### B. Defective Indictment/Verdict Forms

Petitioner's second claim is that his constitutional rights were violated because the information filed against him stated that petitioner was charged with possession and transportation of methamphetamine when in fact he was arrested for and charged with possession and transportation of cocaine base.[3] The state court of appeal rejected the claim on the grounds that (1) petitioner did not demur to the information; (2) "the error in the information could not have misled him as to what controlled substance was at issue" where all of the evidence introduced at the preliminary hearing "related only to cocaine base;" (3) the jury was instructed on cocaine base and the verdict forms referred to cocaine base; and (4) the information was amended on the first morning of trial to reflect that the controlled substance at issue was cocaine base. (People v. Smith, slip op. at 8.)

> The Sixth Amendment guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense. [Footnote omitted.] See Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); see also Gray v. Raines, 662 F.2d 569, 571 (9th Cir.1981) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense--a right to his day in court--are basic in our system of jurisprudence...." (quoting In re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948))).

---

[3] Petitioner also contends that the verdict forms were similarly inaccurate. This contention has no factual support in the record. (See Clerk's Transcript on Appeal (CT) at 176-178.)

Sheppard v. Rees, 909 F.2d 1234, 1236 (9th Cir. 1990).  The notice requirements of the Sixth Amendment can be satisfied by sources other than the accusatory pleading, including but not limited to "a complaint, an arrest warrant, or a bill of particulars" or evidence adduced at a preliminary hearing.  Id. at 1236 n.2.

   Here, evidence offered at the preliminary hearing established that the substance at issue was cocaine base.  (CT at 30-33.)  The information was amended on the first morning of trial to reflect the correct substance.  (CT at 69.)  The record is clear that petitioner was on notice before the start of trial that the substance at issue was cocaine base.  (See, e.g., Reporter's Transcript of Proceedings (RT), at 33.)

   The state court's rejection of this claim was neither contrary to nor an unreasonable application of controlling federal law.  Petitioner's second claim for relief should be denied.

  C.  Sufficiency of Evidence

   Petitioner's third and fourth claims for relief are that there was insufficient evidence to support his conviction on either the drug charges or the gun possession charges.

> A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds.  In Jackson v. Virginia, the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  443 U.S. [307] at 319, 99 S.Ct. 2781 [(1979)].

Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005).  Habeas corpus relief is available only if the state court's rejection of petitioner's sufficiency of the evidence claim was "objectively unreasonable."  Id. at 1274-75 & n.13.

  1.  Drug Charges

   In his third claim for relief, petitioner contends that "the state did not prove beyond the [sic] reasonable doubt that a conviction for transportation of sells [sic] of a controlled

substance was sustained." (Petition for Writ of Habeas Corpus, filed March 19, 2002, at 11.) Petitioner argues that the amount of drugs he had in his possession was for personal use and that there was no evidence offered that he "was engaged in the act of selling drugs and/or transporting drugs for the purpose of selling." (Id.) He requests reversal of his conviction on charges of violating California Health and Safety Code § 11352, or reduction of the charges to simple possession in violation of California Health and Safety Code § 11350. (Id.)

      Respondent has interpreted this claim as a challenge to petitioner's conviction on Count 2 of the information, in which he was charged with "sale or transportation of a controlled substance" in violation of California Health and Safety Code § 11352. (CT at 14.) Although that is a reasonable interpretation of petitioner's second claim, the court notes that petitioner was also convicted of possession of cocaine base for sale in violation of California Health and Safety Code § 11351.5, (CT at 13, 176), and petitioner argues in this claim that "[n]o evidence was ever established by the state that petitioner was engaged in the act of selling drugs and/or transporting drugs for the purpose of selling." (Petition, at 11.)[4]

      The gravamen of petitioner's challenge is to the sufficiency of evidence that he possessed the cocaine base for sale.[5] After careful review of the record, this court finds that there was sufficient evidence to support both the jury's verdict that he possessed the cocaine base for purposes of sale, and that he was transporting it. The prosecution offered evidence that petitioner was in possession of 21.11 grams of cocaine base at the time of his arrest. (RT at 58-59, 317.) A San Joaquin County Sheriff's detective testified as an expert witness that under all the

---

[4] Petitioner claimed in a petition for writ of habeas corpus to the California Supreme Court a claim that there was insufficient evidence to support his conviction on the charge of possession of cocaine base for sale. (Ex. D to Answer, filed January 29, 2003.) That petition was denied in an order that contained no citation to authority or statement of reasons for the decision. (Id.) He exhausted a claim identical to the one raised in the instant petition in a subsequent petition for writ of habeas corpus to the California Supreme Court that was similarly denied by postcard denial. (Ex. E to Answer.)

[5] Petitioner does not dispute that he was in possession of rock cocaine. He contends, however, that he only possessed the rock cocaine for his own personal use.

circumstances of petitioner's arrest the amount of cocaine base in petitioner's possession was possessed for sale rather than personal use. (RT at 332-33, 343.) That evidence was sufficient to support petitioner's conviction for possession of cocaine base for sale. Moreover, as set forth in the statement of facts, supra, there was ample evidence that petitioner was transporting the cocaine base.

For the foregoing reasons, the state court's rejection of petitioner's claims that there was insufficient evidence to support his drug convictions was not objectively unreasonable. See Juan H, supra.

2. Gun Charges

Petitioner also claims that there was insufficient evidence to support either the gun possession charge, a violation of California Penal Code § 12021, or the weapons enhancement pursuant to California Penal Code § 12022. Section 12021 of the California Penal Code provides:

> Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his or her custody or control any pistol, revolver or other firearm capable of being concealed upon the person is guilty of a felony.

Cal. Penal Code § 12021. Section 12022 provides an enhancement for anyone "personally armed" with a firearm in the commission of enumerated violations of California's Health and Safety Code, including those for which petitioner was convicted.

Petitioner's defense at trial was that the weapon was owned by Patrice Washington. However, the testimony at trial also showed that the weapon was found in a jacket that was petitioner's size and "around his waist" when he and Washington were stopped just prior to his arrest. That evidence was sufficient to support both the gun possession conviction and sentencing enhancement. The state court's rejection of this claim was not objectively unreasonable. See Juan H., supra.

For the foregoing reasons, petitioner's third and fourth claims for relief should be denied.

### D. Ineffective Assistance of Appellate Counsel

Petitioner's final claim is that he received constitutionally ineffective assistance of appellate counsel when his appellate counsel failed to raised on direct appeal the third and fourth claims for relief raised in the instant petition.

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id.

Second, a petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Williams v. Taylor, 529 U.S. at 391-92.

The Strickland standards apply to appellate counsel as well as trial counsel. See, Smith v. Robbins, 528 U.S. 259, 285 (2000); see also Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). In order to demonstrate prejudice in the context of a claim of ineffective assistance of appellate counsel, petitioner must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal. Miller, 882 F.2d at 1434 n.9.

/////

/////

1        For the reasons set forth in section IIC, supra, petitioner's third and fourth claims for relief are without merit.  A fortiori, petitioner cannot show that he was prejudiced by counsel's failure to raise those claims on direct appeal.  Petitioner's fifth claim for relief should be denied.

        In accordance with the above, IT IS HEREBY ORDERED that petitioner's March 19, 2002 application to proceed in forma pauperis is denied without prejudice; and

        IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
smit0576.157